UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ROY H. MURRY,<br><br>                    Defendant. | NO:  CR-11-6037-RMP<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR RECONSIDERATION |

Pending before the Court is Defendant Roy Murry's "Motion to Reconsider July 15 Order Denying Motion to Suppress and Memorandum in Support," **ECF No. 44**, filed on June 30, 2011.  Having reviewed Defendant's motion and memorandum, ECF No. 44, and the Government's response, ECF No. 46, the Court is fully informed.

Mr. Murry is charged with two counts of possessing a weapon on federal property in violation of 18 U.S.C. §930(a), a Class A misdemeanor offense.  On June 30, 2011, Mr. Murry moved to suppress all evidence obtained following disclosure of what Mr. Murry asserts is privileged information by his mental health

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS ~ 1

provider.  Mr. Murry argued that the disclosure amounted to an in illegal search under the Fourth Amendment of the United States Constitution.  Mr. Murry further argued at oral argument that the officers conducted an unconstitutional seizure when Mr. Murry was arrested.  The Court heard oral argument on the motion on July 13, 2011, but did not hold an evidentiary hearing.  The Court then denied Mr. Murry's suppression motion in a written order issued on July 15, 2011.  ECF No. 32.

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *United States v. Hector*, 368 F.Supp.2d 1060, 1063 (C.D.Cal.2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir.2007).

The Court, therefore, looks to the standards set by Fed. R. Civ. P. 60(b) (Relief from a Judgment or Order) criteria by which to determine whether there is any merit to Mr. Murry's motion for reconsideration.  *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir.1993) (noting that courts have treated motions for reconsideration in criminal cases as the equivalent of a Rule 59(e) or 60(b) motion).  Rule 60(b) provides that a court may relieve a party from the effect of a judgment or order "for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence,

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS ~ 2

could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party; ... or (6) any other reason that justifies relief."

Fed.R.Civ.Proc. 60(b).  The district court exercises discretion in granting or

denying a motion for reconsideration.  *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5

F.3d 1255, 1262 (9th Cir.1993).

Defendant argues that the government did not meet its burden in opposing

the suppression motion because there was no evidentiary hearing, and Defendant

did not stipulate to the police reports submitted as exhibits to the Defendant's and

Government's briefing on the motion to suppress.  These are the same arguments

that the Court addressed in its order where it noted that an evidentiary hearing is

required for a suppression motion only where the moving papers filed in

connection with the pretrial suppression motion show that there are contested facts

relating to the lawfulness of a search.  *United States v. Walczak*, 783 F.2d 852, 857

(9th Cir. 1986).  Stipulation or not, Defendant did not, and still has not, shown how

any of the facts related to the suppression motion are contested or would be

elucidated by an evidentiary hearing.  "A[n] [evidentiary] hearing is not required if

the grounds for suppression consist solely of conclusory allegations of illegality."

*United States v. Licavoli*, 604 F.2d 613, 621 (9th Cir.1979), *cert. denied*, 446 U.S.

935 (1980).

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS ~ 3

Defendant does not show error in the prior ruling, mistake or excusable neglect on the part of any party, or new facts or legal authority that could not have been brought to the attention of the Court earlier with reasonable diligence.  The Court, therefore, finds no basis to reconsider or modify its prior order.

Accordingly, **IT IS SO ORDERED:**

1.  The Defendant's Motion for Reconsideration,, **ECF No.  44**, is

   **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 29th day of August, 2011.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS ~ 4